IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda,                              :
                                           :
                    Petitioner             :
                                           :
            v.                             : No. 79 C.D. 2023
                                           : Submitted: July 5, 2024
Department of Human Services,              :
                                           :
                    Respondent             :


BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: December 23, 2024


            Steven Burda (Petitioner) petitions for review, *pro se*, of a final order
(Order) of the Department of Human Services' (Department) Bureau of Hearing and
Appeals (BHA).  Therein, the BHA affirmed an Administrative Law Judge's (ALJ)
adjudication, which denied Petitioner's appeal of the Department's over-issuance
(OI) determination for Supplemental Nutrition Assistance Program (SNAP) benefits
in the amount of $1,708.00 for the period of January 1, 2016, through April 30, 2016.
Discerning no error below, we affirm.

            The ALJ found the following relevant facts:

            1.  Prior to January 1, 2016, [Petitioner] . . . received
            SNAP benefits as a five-person household, for himself, his

wife, . . . their daughter . . . and their twin son and daughter.

2. On an undisclosed date prior to December 2015, the Department determined [Petitioner's] household income exceeded the limit for his five-person household.

* * *

8. On December 23, 2015, the Department sent [Petitioner] a notice informing him his household was not eligible to receive SNAP benefits beginning January 1, 2016, because the household income was over the SNAP income limit.

9. On January 4, 2016, [Petitioner] appealed the December 23, 2015 notice.

10. The Department determined [Petitioner's] SNAP benefits were eligible to be continued pending [Petitioner's] appeal of the December 23, 2015 notice.

* * *

12. On May 3, 2016, BHA issued a Final Administrative Action [] Order denying [Petitioner's] appeal of the December 23, 2015 notice. . . . .

13. On May 4, 2016, the Department completed an Overpayment Referral (OIG 149) for the $1,708.00 in SNAP benefits [Petitioner] received from January 1, 2016, through April 30, 2016, pending [Petitioner's] appeal. The [County Assistance Office (CAO)] discovery date was December 21, 2015.

* * *

26. On February 2, 2018, BHA issued an [] order denying [Petitioner's] appeals . . . .

27. On an undisclosed date after February 2, 2018, [Petitioner] sought reconsideration of the BHA order dated

2

February 2, 2018 from the Secretary of the Department of Human Services, which the Secretary denied.

28. On an undisclosed date after February 2, 2018, [Petitioner] petitioned the Commonwealth Court for review of the BHA [] order dated February 2, 2018.

29. The Commonwealth Court of Pennsylvania case was filed as No. 162 C.D. 2018, having been submitted on April 5, 2019.

30. On December 17, 2019, the Commonwealth Court of Pennsylvania affirmed the [BHA's] February 2, 2018 decision.

31. The Department had issued a total of $1,708.00 in SNAP benefits for January 1, 2016, through April 30, 2016. The SNAP benefits were issued on February 26, 2016 for $798.00, again on February 25, 2016 [sic], for 112,00, on March 14, 2016, for $399.00, and on April 14, 2016, for $399.00.

32. On October 22, 2020, the Department (OSIG) issued a notice to [Petitioner] establishing a $1,708.00 SNAP OI for the claim period January 1, 2016, through April 30, 2016, and that [Petitioner] was responsible to pay the OI, through April 30, 2016, and that the [Petitioner] was responsible to pay the [OI] . . . .

33. On December 21, 2020, [Petitioner] appealed the October 22, 2022 notice.

* * *

44. On June 28, 2022, BHA sent [Petitioner] a scheduling letter for a hearing to be held on July 26, 2022.

45. At the hearing, [Petitioner] offered no evidence that he had requested his SNAP benefits to not continue pending his appeal of the discontinuance based on the notice dated December 23, 2015.

3

ALJ's Opinion, 1/4/23, at Findings of Fact (F.F.) Nos. 1-2, 8-10, 12-13, 26-33, 44-45.[1]

In an opinion and order circulated on November 22, 2022, the ALJ determined that Petitioner had received an OI of SNAP benefits in the amount of $1,708.00 from January 1, 2016, through April 30, 2016. The ALJ acknowledged that, at the hearing, Petitioner suggested he never requested the continuance of his SNAP benefits during the pendency of his appeal. ALJ's Op. at 18. However, the ALJ observed that the Department's regulations require the continuation of benefits unless waived by the applicant. *Id.* (citing 7 C.F.R. §273.15(k)). Because Petitioner's appeal was ultimately denied, Petitioner received SNAP benefits for a period during which he was not entitled to the benefits,[2] and he is required to repay that amount. *Id.* at 19.

The ALJ likewise recognized that throughout the hearing Petitioner continuously questioned why it took so long for the Department to notify him of the OI. ALJ's Op. at 19. Although not central to the issue before her, the ALJ reminded Petitioner that the delay was a result of his repeated appeals and requests for reconsideration of the initial decision finding Petitioner's household ineligible for benefits. *Id.* In fact, this issue was not fully resolved until this Court affirmed the BHA's order in an opinion and order filed on December 17, 2019. *See Burda v. Department of Human Services* (Pa. Cmwlth., No. 162 C.D. 2018, filed December 17, 2019) (*Burda I*) at 1 ("After repeated appeals and prior adjudications in this prolonged human services case . . ."). Thus, the ALJ did not consider the

---

[1] The ALJ's Opinion can be found in the Certified Record at 361-383.

[2] Per the ALJ's Opinion, Petitioner continued to challenge the determination that his household was ineligible for SNAP benefits. ALJ's Op. at 19.

4

Department to be at fault for the delays which prolonged the Department's notice of the OI. *Id*. at 20.

Still, the ALJ acknowledged that federal regulations direct state agencies to establish an overpayment claim by the last day of the quarter after the quarter in which the overpayment was discovered. ALJ's Op. at 20. Here, the overpayment claim was not established until nearly four years after the relevant date, *i.e.*, the claim should have been established on September 30, 2016, but was not established until October 20, 2020. *Id*. (citing 7 C.F.R. §273.18(d)(1)). The same regulation, however, requires the state agencies to "ensure that no less than 90% of all claims be established or disposed of within that timeframe." *Id*. (citing 7 C.F.R. §273.18(e)(3)(ii)). The issue of timeliness notwithstanding, the ALJ determined that the Department was correct to establish the overpayment claim, because 7 C.F.R. §273.18(d)(3) provides: "States must establish claims even if they cannot be established within the timeframes outlined under paragraph (d) of this [S]ection." ALJ's Op. at 20.

Following Petitioner's request for reconsideration, the BHA affirmed the adjudication below in an order circulated on January 4, 2023. Thereafter, Petitioner filed a timely Petition for Review in this Court on January 20, 2023. On appeal,[3] Petitioner presents five issues for our review. However, to avoid redundancy, these issues can be rephrased as two issues: (1) whether the ALJ failed to consider all relevant documentation which established that he was eligible for

---

[3] Our review is "limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law[,] and whether necessary findings of fact are supported by substantial evidence." *McBride v. Department of Public Welfare*, 960 A.2d 203, 205 n.3 (Pa. Cmwlth. 2008).

5

SNAP benefits during the period relevant to this appeal; and (2) whether the Department timely established its OI claim.

In some form or another, Petitioner repeatedly argues that the BHA failed to consider relevant documentation which established that he was, in fact, eligible for SNAP benefits because the Department improperly "assumed" his household income. Petitioner's Brief *passim*. In so doing, Petitioner contends that the Department ignored a number of unrelated BHA decisions wherein the BHA reinstated his benefits as relating to medical assistance benefits or different timeframes wherein his household was eligible for SNAP benefits. *Id*. at 14-15. In Petitioner's view, these decisions evidence his eligibility for benefits during the period at issue. *Id*. Finally, Petitioner believes that the Department failed to timely establish its OI claim.

The Department responds that Petitioner is seeking to relitigate his eligibility for SNAP benefits as already determined by our Court's decision in *Burda I*. As such, the Department argues that the doctrine of collateral estoppel bars any challenge to his eligibility. Respondent's Brief at 8-9. Similarly, the Department observes that the instances where the Department has sustained Petitioner's appeals are wholly unrelated to the instant matter, because they relate to medical assistance benefits or eligibility for SNAP benefits for other time frames irrelevant to this appeal. *Id*. at 9-10.

We ultimately have no difficulty concluding that Petitioner's arguments are without merit.[4] First, Petitioner's myriad arguments relating to eligibility are

_____

[4] While we agree with the Department that *Burda I* necessarily disposed of the issue of Petitioner's SNAP benefits as relating to the December 2015 notice, it does not squarely dispose of Petitioner's argument that he was entitled to benefits for the period pending his unsuccessful appeal. Consequently, we are not persuaded that the doctrine of collateral estoppel is implicated in this appeal.

6

irrelevant: the central inquiry here is whether Petitioner received an OI for SNAP benefits received while his unsuccessful appeal was pending. On that point, as the ALJ explained, Section 275.4(a)(3)(v)(ii) of the Department's regulations details the Department's obligations regarding appeals received from a proposed action:

> For food stamps, a household may waive continuation of benefits by indicating on the appeal form that the household does not desire benefits be continued pending the hearing decision. **If the form does not positively indicate that the household has waived continuation of benefits and the certification period has not expired, the County Assistance Office shall assume that continuation of benefits is desired, and the benefits shall be issued accordingly.** The County Assistance Office must promptly inform the household in writing if benefits are reduced or terminated pending the hearing decision.

55 Pa. Code §275.4(a)(3)(v)(ii) (emphasis added); *see also* 7 C.F.R §273.15(k) ("[T]he household's participation in the program shall be continued on the basis authorized immediately prior to the notice of adverse action, unless the household specifically waives continuation of benefits."). Here, upon notification that his household was ineligible for SNAP benefits in December 2015, Petitioner did not waive the continuation of his benefits. Thus, Petitioner's benefits necessarily continued pending the resolution of his appeal from January 1, 2016 to April 30, 2016. Because Petitioner's appeal was ultimately unsuccessful, Petitioner was not entitled to the continuation of SNAP benefits from January 1, 2016 to April 30, 2016, and the Department established an OI claim for that period as its regulations required. *See* 7 C.F.R. §273.18(a)(2).

We likewise agree with the ALJ that the timeliness of the Department's claim cannot invalidate the claim or otherwise vitiate Petitioner's obligation to repay. As the ALJ aptly observed, although the Department established the OI claim

7

over four years after the date mandated by the regulations, this was due to Petitioner's own litigious delays. Even so, the regulations explicitly require the Department to establish this OI claim outside the mandated timeframe: "States must establish claims even if they cannot be established within the timeframes outlined under paragraph (d) of this section." 7 C.F.R. §273.18(d)(3). Consequently, we can discern no error in the decisions below.

Accordingly, the BHA's January 4, 2023 Order is AFFIRMED.

MICHAEL H. WOJCIK, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda,      :
           :
     Petitioner :
           :
   v.       : No. 79 C.D. 2023
           :
Department of Human Services, :
           :
     Respondent :

## O R D E R

AND NOW, this 23rd day of December, 2024, the Order of the Department of Human Services, Bureau of Hearings and Appeals, dated January 4, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge